**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

TOPE OGUNGEMI,                          )
IKYFENU IKAHYTUGBE,                     )
OLUGBENGA OLATUNJI,                     )
ABIODUN ADEJUMO,                        )
OLANREWAJU OLADAPO,                     )
OLEUFEMI OLAJUYIGBE,                    )
OBAKEYE JAIYEOLA,                       )
OLASUNKANMI OLORUNDUYILEMI,             )
OLADIMEJI NELSON                        )
                                        )
                                        )
                                        )
                      *Plaintiffs,*     )
                                        )     CAUSE No. 1:22-cv-649
           v.                           )
                                        )
OMNICARE, INC.,                         )
NOW COURIER, INC., and                  )
PRIORITY DISPATCH, INC.                 )
                                        )
                                        )
                                        )
                      *Defendants.*     )

**COMPLAINT**

**Introduction**

    1. Plaintiffs and putative class members drove thousands of miles from

Indiana locations delivering pharmaceuticals and supplies for Defendants.

Defendants falsely classified Plaintiffs as independent contractors while exerting

complete control over their work duties and methods, and requiring them to sign

non-compete agreements to prevent them from driving for any other entity.

Because Defendants falsely classified Plaintiffs, they paid Plaintiffs and the

putative class on a flat fee basis without reimbursement for any of the vehicle costs

associated with the deliveries. Due to this illegal payment scheme, Plaintiffs and

putative class members earned far less than minimum wage and were denied

overtime pay. They now file this action to recover from Defendants minimum wages, overtime

wages, unpaid and underpaid wages as well as vehicle costs, unlawful deductions and unpaid

taxes pursuant to I.C. 22-2-1, *et seq*., and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

## PARTIES

2.      Plaintiffs reside in or near Marion County, Indiana, and performed delivery

services for some or all of the Defendants from 2011 to the present.

**Omnicare and its subsidiaries**

3.      Defendant Omnicare, Inc. is a for-profit corporation organized in Delaware

with its principal place of business in Ohio. Omnicare does business throughout the

State of Indiana.

4.      Defendant NOW Courier, Inc., is a for-profit corporation organized in

Indiana with its principal place of business in Indianapolis, Indiana. NOW Courier does business

throughout the State of Indiana.

5.      Defendant Priority Dispatch, Inc is a for-profit limited corporation organized in

Ohio with its principal place of business in Ohio. Priority Dispatch does business throughout the

State of Indiana.

## JURISDICTION AND VENUE

6.      As set forth below, Defendants operate multiple distribution centers within Indiana. Plaintiffs and putative class members are based at a distribution center but travel throughout Indiana and neighboring states, making deliveries on Defendants' behalf.

7.      These delivery routes include travel throughout this Division and District.

8.      This Court has jurisdiction pursuant to 29 U.S.C. § 216.

## FACTS

9.      Omnicare is a pharmacy that sells and delivers prescription medications and medical devices to nursing homes, medical facilities, and homes across the United States. These items are only available by delivery and thus delivery is an integral part of Omnicare's business.

10.      Omnicare holds a competitive bidding process for provision of delivery services in specific regions of the United States. As part of this process, Omnicare develops the routes delivery drivers must run in a particular region and includes them in its requests for proposal.

11.      The lowest bidder receives all Omnicare's delivery work in that particular state or region.

12.      As a result of the bidding process, Omnicare selected NOW Courier and Priority Dispatch to deliver Omnicare products to customers in Indiana.

13.      NOW Courier and Priority Dispatch hires drivers to deliver Omnicare products in Indiana. While nominally working for NOW Courier and Priority Dispatch, these drivers make deliveries on behalf of Omnicare from Omnicare facilities to Omnicare customers when and where Omnicare directs them to do so and in the manner Omnicare requires.

3

14.     Plaintiffs and members of the putative class (collectively, Drivers) use personal vehicles to make deliveries for Defendants' benefit.

15.     Upon information and belief, Defendants employ more than 100 individuals as Drivers based in Indiana.

16.     Drivers make regularly scheduled deliveries to Omnicare's customers travelling routes set by Omnicare. After completion of the route, Omnicare requires Drivers to return to their assigned regional distribution center to return Omnicare's boxes, bags, totes, and paperwork.

17.     Defendants pay Drivers a flat, predetermined rate for each route. When calculated as an hourly rate, these flat rates result in a sub-minimum wage to Drivers.

18.     Drivers also make stat runs, which are individual deliveries from Omnicare facilities to Omnicare customers made on an expedited, emergency, and ad hoc basis. Drivers are required to be on-call on regular schedules to make such stat runs. Omnicare directs when and where Drivers make stat runs. Defendants typically pay Drivers approximately 70 cents per mile one way for stat deliveries, although some short stat runs are paid on a flat fee basis. Defendants calculate the mileage for stat runs, which is often less than the actual number of miles driven.

19.     At times relevant to this Complaint, Defendants also employed dispatchers who assigned Omnicare's stat run orders to Drivers. Defendants required Dispatchers to perform delivery services as Drivers, even while dispatching other Drivers.

20.     Drivers routinely work in excess of 40 hours per week, at times some work 100 to 120 hours per week but are not paid at the overtime rate for these hours.

21.     Defendants misclassified Drivers as independent contractors as a part of a fraudulent scheme to avoid their wage payment obligations under Indiana's wage and hour laws.

22.     The employer–employee relationship between Defendants and Drivers is evidenced by the following:

a. Defendants require Drivers to follow specific routes to deliver products and specify the exact time to drive those routes.

b. Defendants control the method Drivers used to electronically report deliveries at each stop and mandate compliance with that method. Defendants additionally require Drivers to complete specific paperwork at each stop.

c. Defendants do not permit Drivers to negotiate a fee for their services.

d. Defendants issue Drivers a daily work schedule with the Driver's scheduled routes for the day. Defendants do not permit Drivers to reject these assignments or any stat runs assigned to them.

f. Defendants require Drivers to sign a non-compete agreement, prohibiting them from working for any competitors.

h. Defendants require Drivers to fill out a U.S.C. § IS Form I-9 to verify employment eligibility, which is only required for employees.

23.     As employees, Drivers are not exempt from overtime or minimum wage requirements as set forth in I.C. 22-2-2-3, *et seq.* or the FLSA, 29 U.S.C. § 201, *et seq.*

24.     NOW Courier, Priority Dispatch and Omnicare are joint employers of the Drivers as evidenced by, but not limited to, the following:

a. As set forth previously, Omnicare directs, controls, and supervises the way that Drivers perform their work. This level of control is expressly contemplated in the contract between Omnicare and NOW Courier, and between Omnicare and Priority Dispatch.

b. Due to the level of control Omnicare exercises over the Drivers, it knows or should know that NOW Courier and Priority Dispatch are unlawfully underpaying the Drivers and misclassifying them as independent contractors, all on Omnicare's behalf.

25.     In the course of using their own vehicles for Defendants' benefit, Drivers incur various necessary and required costs, including but not limited to gasoline, vehicle parts and fluids, automobile repair and maintenance services, insurance, and depreciation. Drivers incur vehicle rental fees when their own vehicles are unusable, as they are not permitted to reject routes or stat runs. Collectively, all such costs are referred to herein as Vehicle Costs.

26.     Defendants do not reimburse Drivers for Vehicle Costs.

27.     In addition, Defendants require Drivers to provide kickbacks to Defendants in the form of unreimbursed Vehicle Costs. Because of Defendants' failure to account for these kickbacks, Drivers' wages are not paid free and clear as required by law.

28.     This underpayment is further compounded by Defendants' unlawful deductions from Drivers' wages, including but not limited to deductions for payroll processing fees and data transfer fees (collectively, Unlawful Deductions).

29.     Defendants also unlawfully charge Drivers for expenses solely for Defendants' benefit. These expenses include, but are not limited to, uniforms and employment screening fees (collectively, Unlawful Expenses).

30.     Defendants also unlawfully fail to withhold income taxes, payroll taxes, FICA taxes, and other required payments (collectively, Required Deductions) for the Drivers' benefit.

31.     Thus, at all relevant times, Defendants:

a. Failed to pay the minimum wages for all hours worked (including wait time, on call time, and all other hours worked but not counted);

b. Failed to pay at least 1.5 times the regular or minimum wage rate for hours worked in excess of 40 per week (including wait time, on-call time, and all other hours worked but not counted);

c. Failed to reimburse for Vehicle Costs and other such kickbacks such that Drivers were paid below legal minimums;

d. Withheld the Unlawful Deductions such that Drivers were paid below legal minimums;

e. Charged the Unlawful Expenses such that Drivers were paid below legal minimums; and

f. Failed to make Required Deductions.

**CLASS AND COLLECTIVE ACTION ALLEGATIONS**

32.     Upon information and belief, the class includes more than 100 individuals. Although too numerous to join individually, the class members are identifiable through employment records.

33.     There are common questions of law and fact to the class. Each class member was subject to Defendants' common scheme of systematic underpayment and lack of reimbursement of kickbacks during the relevant period. While Drivers were paid different amounts for different routes, all such routes underpaid each Driver as a result of this common scheme.

34.     Further, as described above, all class members were subject to the same Unlawful Deductions, Unlawful Expenses, and lack of Required Deductions pursuant to Defendants' standard Driver payment policy.

35.     Further, as described above, all class members were subject to Defendants' control rendering them employees of both, not independent contractors.

36.     The claims of the Plaintiffs are typical of the class members.  Plaintiffs were subject to the same common scheme regarding underpayment, failure to reimburse kickbacks, Unlawful Deductions, Unlawful Expenses and lack of Required Deductions as the members of the class. As such, claims of the Plaintiffs are identical to the class.

37.     Plaintiffs will fairly and adequately represent the interests of the parties. Plaintiffs have agreed to serve as class representative if a class is certified and accepts his obligation to act in the best interest of the class.

38.     The proposed Class is also appropriate because questions of law or fact common to Class members predominate over any questions affecting only individual members. Further, proceeding as a class is superior to other available methods of fair and efficient adjudication of the controversy. Questions of law and fact predominate as every Class member was subject to identical efforts by Defendants'

to impose their unlawful wage practices upon them. Further, absent treatment as a
class, Class members would be required to file individual lawsuits throughout
Indiana to vindicate their rights under I.C. 22-22-2-1, *et seq*. and 29 U.S.C. § 201,
*et seq.*

39.     As alleged herein, the proposed Class is also appropriate because Defendants
have acted or refused to act on grounds that apply generally to the Class, so that
final declaratory and/or injunctive relief is appropriate respecting the Class as a
whole.

40.     As such, pursuant to Fed. R. Civ. P. 23, and 29 U.S.C. § 216 (b) the Class is
properly defined as follows (the "Class"):  All current and former delivery drivers or dispatchers
classified as independent contractors who were based at an Indiana location and performed work
for Defendants from January 1, 2011 to the day the Court authorizes notice. Plaintiffs seek an
order from this Court allowing Plaintiffs' counsel to receive from Defendants the names and
addresses of all similarly situated persons, and to allow Plaintiffs' counsel to notify those
persons, and to provide them with a reasonable time period of ninety (90) days to opt in to this
lawsuit.

## COUNT I: UNPAID MINIMUM WAGES

41.     Defendants' conduct as set forth in this Complaint violates Indiana and
federal minimum wage and overtime requirements, including but not limited to
I.C. 22-2-2 *et. seq*., 29 U.S.C. § 206, and 29 U.S.C. § 207.

42.     Pursuant to Indiana law and 29 U.S.C. § 216, each and every member of the
Class is entitled to recover all unpaid minimum wages, overtime wages, Vehicle
Costs and other kickbacks, Unlawful Deductions, and Unlawful Expenses, as well

as unpaid Payroll Deductions.

43.     Additionally, pursuant to Indiana law and 29 U.S.C. § 216, each and every

member of the Class is entitled to recover liquidated damages in an amount equal

to their unpaid wages damages as well as all attorney's fees, costs, and other

expenses associated with bringing this action. Each and every member of the Class

is also entitled to pre- and post-judgment interest on all monetary awards. Defendants' violations

have been willful, which means that Plaintiffs and the class they intend to represent are intitled to

double damages.

### COUNT II: UNLAWFUL PAYROLL DEDUCTIONS

44.     Defendants' conduct as set forth in this Complaint violates I.C. 22-2-6-4 Indiana's

statutory prohibition on payroll deductions.

45.     Pursuant to I.C. 22-2-5-1, and I.C. 22-2-9-1, *et. seq*. each and every member of

the Class defined above is entitled to recover liquidated damages in an amount equal to these

unlawful deductions as well as all, treble damages, attorney's fees, costs, and other expenses

associated with bringing this action. Each and every member of the Class is also entitled to pre-

and post-judgment interest on all monetary awards.

### COUNT III: UNJUST ENRICHMENT

46.     Defendants were unjustly enriched by the shifting of a portion of the cost of

doing business onto Drivers. Such costs include, but are not limited to, Drivers'

Vehicle Costs and other kickbacks, Unlawful Deductions, and Unlawful Expenses.

47.     Each and every member of the Class is entitled to restitution for all of

Defendants' costs or fees that have been levied upon them, including but not limited

to the Unlawful Deductions and Unlawful Expenses. Each and every member of the Class is also entitled to pre- and post-judgment interest on all monetary awards.

## COUNT IV: OVERTIME VIOLATIONS

48.    Plaintiffs and the class they intend to represent often work more than 40 hours in a work week without being properly compensated at a rate of 1.5 time the regular hourly rate.

49.    Pursuant to I.C. 22-2-1, et. seq., and 29 U.S.C. § 216, Defendants are liable to Plaintiffs and the class they intend to represent for violations of state and federal overtime laws.

50.    Defendants' violations have been willful, which means that Plaintiffs and the class they intend to represent are intitled to double damages.

51.    Pursuant to I.C. 22-2-1, et. seq., and 29 U.S.C. § 216, Plaintiffs and the class they intend to represent are also entitled to attorney fees, costs, and interest.

WHEREFORE, Plaintiffs, individually and on behalf of all those similarly situated, respectfully requests the Court provide the following relief against Defendants:

a. Compensatory damages;

b. Liquidated damages;

c. Treble damages;

d. Attorney's fees, costs, and all other expenses associated with bringing these claims;

e. Pre- and post-judgment interest;

f. Injunctive relief requiring Defendants to fully comply with the applicable wage and hour laws;

g. Injunctive relief preventing Defendants from retaliating against any Driver associated with bringing these claims;

h. Trial by jury on all claims so triable;

i; An order from this Court allowing Plaintiffs' counsel to receive from Defendants the names and addresses of all similarly situated persons, and to allow Plaintiffs' counsel to notify those persons, and to provide them with a reasonable time period of ninety (90) days to opt in to this lawsuit, all pursuant to 29 U.S.C. § 216 (b); and

i. Any and all other relief the Court deems proper.

Respectfully submitted,
*/s/ Mark Waterfill*
Mark R. Waterfill, Atty. No. 10935-49
2230 Stafford Rd. STE 115, PMB 379
Plainfield IN 46168
 (317) 501-6060
mark@waterfilllaw.com