UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TOPE OGUNGEMI, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:22-cv-00649-SEB-MKK |
| | ) |
| OMNICARE, INC., | ) |
| PRIORITY DISPATCH, INC, | ) |
| SUBCONTRACTING CONCEPTS, LLC, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on Defendants' Joint Motion to Stay All Deadlines Pending Resolution of Defendants' Motions to Compel Arbitration and Dismiss, Dkt. [107]. For the reasons discussed below, the motion is **GRANTED**.

### I.  BACKGROUND

Plaintiffs are individuals who delivered pharmaceuticals and supplies for the Defendants. (Dkt. 71 at 1). In sum, Plaintiffs' primary allegation is that they were falsely classified as independent contractors, allowing Defendants to pay them on a flat fee basis and resulting in Plaintiffs earning below the minimum wage and not receiving overtime pay. (*Id.*). All this, they allege, is in violation of the Fair Labor Standards Act and Indiana Wage Payment Statute. (*Id.*)

Plaintiffs initiated the present lawsuit on March 31, 2022. (Dkt. 1). On June 17, 2022, Plaintiffs filed an Amended Complaint. (Dkt. 28). On August 3, 2022, Plaintiffs filed a Motion for Leave to File Second Amended Complaint. (Dkt. 46).

1

Just two days later, Plaintiffs filed a Motion for Leave to File Third Amended Complaint. (Dkt. 49). Also on August 5, 2022, Plaintiff agreed by stipulation to dismiss Now Courier, Inc. as a Defendant. (Dkt. 51). On August 26, 2022, Plaintiffs filed a Motion for Leave to File Fourth Amended Complaint. (Dkt. 59).

On September 21, 2022, Plaintiffs' Fourth Amended Complaint was docketed, and this remains the operative complaint. (Dkt. 71). On October 6, 2022, Defendants Priority Dispatch and Omnicare filed Motions to Dismiss and Compel Arbitration, (Dkts. 79, 81), and on November 11, 2022, Defendant Subcontracting Concepts filed its own Motion to Dismiss and Compel Arbitration, (Dkt. 88).

On January 19, 2023, all Defendants filed the present motion, asking the Court to exercise its discretion and stay all deadlines pending resolution of the Motions to Dismiss. (Dkt. 107). In their January 25, 2023 response, Plaintiffs agreed that case deadlines should be stayed for all Plaintiffs that signed valid arbitration agreements. (Dkt. 110). Plaintiffs, however, maintain that the case should not be stayed against those Plaintiffs who did not sign arbitration agreements and worked on or after March 31, 2019. (*Id.*) Defendants' reply was filed on February 1, 2023. (Dkt. 113). The Motion is now ripe.

## II.   LEGAL STANDARD

District courts have the inherent power to control their docket and, as such, enjoy broad discretion when determining whether to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When considering a motion to stay, the Court must consider the need for the stay

and the parties' competing interests. *Landis*, 299 U.S. at 254-55. The proponent of the stay has the burden of establishing the need for the motion. *Clinton*, 520 U.S. at 708 (citing *Landis*, 299 U.S. at 255). The Court's decision whether to enter a stay depends entirely on the circumstances of the particular case. *See, e.g.*, *Soares v. Meeks*, No. 3:21-cv-00057-RLY-MPB, 2021 WL 5748438, at *2-3 (S.D. Ind. Oct. 4, 2021). This Court uses three factors to determine if a stay is warranted: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the Court." *Irving Materials, Inc. v. Zurich Am. Ins. Co., et al.*, No. 1:03-cv-0361-SEB-TAB, 2008 WL 1971468, at *2 (S.D. Ind. May 5, 2008).

### III. DISCUSSION

Defendants argue that the three factors indicate that staying all deadlines in this case pending resolution of Defendants' Motions to Compel Arbitration and Dismiss, (Dkts. 79, 81, 88), is warranted. (Dkt. 108 at 4-7). For all Plaintiffs who signed valid arbitration agreements, Plaintiffs agree. (Dkt. 110 at 1-2). For the six[1] named Plaintiffs who did not sign arbitration agreements (and worked during the operative time period), however, Plaintiffs argue that staying deadlines constitutes an "overreach" and would thwart Federal Rule of Civil Procedure 1's directive of securing a speedy determination of the case. (*Id.*).

---

[1] Defendants reference seven Plaintiffs who did not sign arbitration agreements, (*see* Dkt. 108 at 3), but Plaintiffs' counsel refers to six Plaintiffs, (Dkt. 110). The Court will use the Plaintiffs' figure in this Order.

3

Defendants contend, and the Court agrees, that staying the deadlines will not prejudice or tactically disadvantage Plaintiffs because the stay will be relatively brief and the case is still largely in its early stages. The Court also agrees with Defendants that allowing for the resolution of these motions on significant threshold issues, such as which claims are subject to arbitration and which are within the statute of limitations, will simplify the issues in the case and streamline the case for trial. Staying all deadlines to allow for those decisions will similarly reduce the burden of litigation on the parties. Consideration of the three factors, thus, suggests that a stay is warranted in this case.

Plaintiffs' argument is solely that a stay will delay resolution of the case. (Dkt. 110 at 1-2). To be sure, a stay will slow down progression of this case. The Court is not persuaded, however, that this delay will rise to the level of undue prejudice. *See Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, 186 F. Supp. 3d 870, 877 (N.D. Ill. 2016) (finding that in the context of staying litigation "the potential for delay does not, by itself, establish undue prejudice," but acknowledging that waiting for other processes to run their course "risks prolonging the final resolution of the dispute and thus may result in some inherent prejudice to the [non-movant]") (quotation marks and citations omitted).

Moreover, the Court agrees with Defendants that resolution of the pending Motions to Compel Arbitration and Dismiss will significantly simplify the issues in this particular case. This matter has been marred by uncertainty, as evidenced by the filing of four different complaints that have added and removed both plaintiffs

and defendants. By Plaintiffs' own admission, only six of the named Plaintiffs should be subject to discovery in this case, as the rest have signed valid arbitration agreements, and those individuals are currently subjects of the pending Motions to Dismiss on jurisdictional grounds, including under a statute of limitations argument. The progression of this case could benefit from some clarity on which Plaintiffs have viable claims in this Court. On this same note, a stay of all deadlines would greatly reduce the burden of litigation on the parties as the Court sorts those viable claims from the nonviable.

Based on all these considerations, the undersigned finds it appropriate to stay all deadlines pending resolution of the Defendants' Motions to Compel Arbitration and Dismiss.

### IV. Conclusion

For the reasons detailed herein, Defendants' Joint Motion to Stay All Deadlines Pending Resolution of Defendants' Motions to Compel Arbitration and Dismiss, Dkt. [107], is **GRANTED**. All case management plan deadlines are **STAYED** pending resolution of the Defendants' Motions to Compel Arbitration and Dismiss. (Dkts. 79, 81, 88).

After the Court's resolution of these motions, the parties are ordered to file within ten (10) days a joint status report outlining their suggested course of action

for the case and, if necessary, a timeline for resetting case management deadlines and the settlement conference.

In light of this stay, the Court now **VACATES** the July 12, 2023 settlement conference.

So ORDERED.

Date: 2/17/2023

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:
Served electronically on all ECF-registered counsel of record.