UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TOPE OGUNGEMI, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:22-cv-00649-SEB-MKK |
| ) | |
| OMNICARE, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER ON JOINT MOTION FOR SETTLEMENT APPROVAL AND DISMISSAL

This matter is before the Court on the Joint Motion for Settlement Approval and Dismissal. Dkt. 156. For the reasons explained below, the parties' Motion is **DENIED**.

## BACKGROUND

Plaintiffs Adejumo Abiodun, Kehinde Akanni, Olalekan Akinyele, Steve Alonge, Abiodun Aminu, David Cross, Omofemiwa Dada, Omoro Ebisingham,[1] Abiola Kosile, Adedeji Lawal, Adetunji Lawal, Junior Mangena, Ibrahim Mujadu, Oladimeji Nelson, Tope Ogungbemi, Richard Ogunmola, Olufemi Olajuyigbe,[2] Olugbenga Olatunji, Olasunkanmi Olorunduyilemi,[3] Segun Oluwaniyi,[4] Rufus Oyebode, Taiwo Sulaiman, Zainab Ibrahim Woodson, and Paul Yarl (hereinafter, "Arbitration Plaintiffs")[5] brought this

---

[1] Omoro Ebisingham's name appears on the docket at "Omoro Ebisinghan."
[2] Olufemi Olajuyigbe's name appears on the docket at "Oleufemi Olajuyigbe."
[3] Olasunkanmi Olorunduyilemi's name does not appear on the docket.
[4] Segun Oluwaniyi's name appears on the docket at "Segun Olwaniyi."
[5] All other Plaintiffs originally named in the complaint have either voluntarily withdrawn their claims or were dismissed by the Court. *See* dkt. 122; dkt. 153.

1

action against Defendants Subcontracting Concepts LLC ("SCI"), Priority Dispatch, Inc. ("Priority"), and Omnicare, LLC ("Omnicare") (collectively "Defendants"), asserting claims under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et seq.*, and Indiana law for unpaid minimum wages and overtime compensation, unlawful deductions, and unjust enrichment.

Arbitration Plaintiffs are former delivery drivers who allege in this litigation that Defendants, operating as their joint employer, misclassified them as independent contractors, in violation of federal and state law. At all times, Defendants have denied liability or legal wrongdoing.

On June 21, 2023, we entered an order compelling Arbitration Plaintiffs to submit to individual arbitrations and stayed the litigation during that period. Thereafter, the parties, through counsel, reportedly engaged in arm's-length negotiations and ultimately agreed to mediation with an experienced FLSA mediator. That mediation session occurred on March 18, 2024, and several months later a settlement was reached. Arbitration Plaintiffs Adetunji Lawal, Abiola Kosile, and Taiwo Sulaiman elected not to participate in the resulting settlement and have voluntarily dismissed their claims against Defendants with prejudice.

On August 7, 2024, the remaining parties jointly moved for settlement approval and final dismissal of this action. Dkt. 156. The terms of their settlement are set forth in their Settlement Agreement, which was filed under seal for *in camera* review by the Court. *See Frazier v. Omnicare, Inc.*, No. 3:23-cv-856-DWD, 2024 WL 2111605, at *1 (S.D. Ill. Apr. 17, 2024) (approving FLSA settlement agreement after conducting an *in camera* review). The parties' joint motion now awaits our ruling.

## DISCUSSION

Although the Seventh Circuit has not heretofore addressed whether stipulated agreements under the FLSA, such as the one before us, require court approval, district courts in our circuit routinely require such approval. *Mollett v. Kohl's Corp.*, No. 21-cv-707-PP, 2022 WL 4641082, at *2 (E.D. Wis. Sept. 30, 2022) (collecting cases). The FLSA "is designed to prevent consenting adults from" utilizing private settlements to "establish sub-minimum wages." *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). In doing so, courts evaluating the fairness of proposed settlements under the FLSA "must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 994–95 (N.D. Ind. 2010). In addition, courts typically approve "a settlement where it is based on contentious arm's-length negotiations, which were undertaken in good faith by counsel and where serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Farber v. Riestererblend, Inc.*, No. 1:22-cv-17-HAB, 2022 WL 17741830, at *1 (N.D. Ind. Dec. 5, 2022) (internal quotation and citations omitted).

The parties before us here arrived at their proposed settlement after several months of settlement-related discussions as well as through mediation with an experienced FLSA mediator. The parties also exchanged discovery, providing them with the necessary factual foundation to assess the relative strengths and weaknesses of the claims and defenses in

this case. The litigants also are represented by counsel who have significant experience in managing wage and hour claims/disputes.

This case has generated various issues of fact and law regarding whether Defendants misclassified Arbitration Plaintiffs' employment statuses; whether Defendants qualify as a joint employer; whether Defendants acted willfully, such that the applicable statute of limitations is three years (instead of two); and whether Defendants possess a good faith defense to any claimed liquidated damages. In light of these unresolved issues, the parties ultimately concluded that the benefits of settlement outweigh the possibility of future relief.

While the terms of the Settlement Agreement, dkt. 157, appear to be a fair and reasonable compromise to a *bona fide* dispute, our *in camera* review of the terms included therein has revealed several discrepancies in the parties' joint filing that preclude our final approval.

**First**, despite the parties' representation that Arbitration Plaintiff Abiola Kosile elected *not* to join the Settlement Agreement, dkt. 156 at 2, he is twice named—without explanation—in the Settlement Agreement as a participating Plaintiff, dkt. 157 at 1, 13 (under seal).

**Second**, the Settlement Agreement references two different values as the sum total of the settlement award. *Id.* at 2 (under seal). Thus, it is unclear from the parties' submission what precisely the agreed upon amount of the settlement fund is intended to be.

**Third**, the parties do not address the differing versions of Arbitration Plaintiffs Omoro Ebisingham's, Olufemi Olajuyigbe's, and Segun Oluwaniyi's names, which, as previously noted, appear on the docket as "Omoro Ebisinghan," "Oleufemi Olajuyigbe," and

4

"Segun Olwaniyi," respectively. Likewise, the parties do not address the absence of Olasunkanmi Olorunduyilemi's name from the docket.

**Fourth**, the parties' submissions do not adequately reflect the valid assent of all Arbitration Plaintiffs who stipulate to being bound by the Settlement Agreement. Arbitration Plaintiff Tope Ogungembi "warrants that he has received express authorization to enter into the Settlement Agreement as an agent" on behalf of the remaining Arbitration Plaintiffs. *Id.* at 7 (under seal). According to the Settlement Agreement, each Arbitration Plaintiff executed a document purportedly authorizing Tope Ogungembi to act as his agent. The Settlement Agreement further states that those "[a]uthorizations are incorporated and made [a] part" thereof. *Id.* However, the parties have submitted to the Court no such evidence of the Arbitration Plaintiffs' individual consents, without which we cannot determine conclusively whether the proposed FLSA settlement reflects a "reasonable compromise of disputed issues rather than a mere waiver of statutory rights . . . ." *Burkholder*, 750 F. Supp. 2d at 994–95; *see also Natare Corp. v. Aquatic Renovation Sys. Inc.*, 987 F. Supp. 695, 697–98 (S.D. Ind. 1997).

## CONCLUSION

The deficiencies described above, jointly and severally, present manageability and enforcement issues for both the parties and the Court. Accordingly, the Joint Motion for Settlement Approval and Dismissal is **DENIED** without prejudice. Dkt. 156. The parties are **DIRECTED** to file, no later than **November 27, 2024**, a revised Joint Motion for Settlement Approval and Dismissal with a copy of the proposed Settlement Agreement that resolves the Court's concerns referenced above. Because the Settlement Agreement

5

otherwise satisfies all other legal prerequisites, the Court will approve the Settlement Agreement upon its refiling so long as the deficiencies described herein have been remedied.

Additionally, the Clerk is **DIRECTED** to **correct** the following Plaintiff's name on the Court's docket: OLALEKAN AKINYELE.

IT IS SO ORDERED.

Date: 11/13/2024

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Angela S. Cash
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
acash@scopelitis.com

Christopher J. DeGroff
SEYFARTH SHAW LLP
cdegroff@seyfarth.com

Andrew James Ireland
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
aireland@scopelitis.com

Andrew Michael McKinley
Seyfarth Shaw
amckinley@seyfarth.com

Neal Shah
Frost Brown Todd LLC
nshah@fbtlaw.com

James Joseph Swartz, Jr
Seyfarth Shaw LLP

jswartz@seyfarth.com

Russell Jay Taylor, Jr
Scopelitis Garvin Light Hanson & Feary, P.C.
jtaylor@scopelitis.com

Mark R. Waterfill
ATTORNEY AT LAW
mark@waterfilllaw.com

Amy Suzanne Wilson
Frost Brown Todd LLC
awilson@fbtlaw.com