UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TOPE OGUNGEMI, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00649-SEB-MKK |
| | ) | |
| OMNICARE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING JOINT MOTION FOR SETTLEMENT APPROVAL**

This matter is before the Court on the parties' Renewed Joint Motion for Settlement Approval and Dismissal. Dkt. 164. For the reasons detailed below, that Motion is **GRANTED**.

**BACKGROUND**

Plaintiffs Adejumo Abiodun, Kehinde Akanni, Olalekan Akinyele, Steve Alonge, Abiodun Aminu, David Cross, Omofemiwa Dada, Omoro Ebisingham, Abiola Kosile, Adedeji Lawal, Adetunji Lawal, Junior Mangena, Ibrahim Mujadu, Oladimeji Nelson, Tope Ogungbemi, Richard Ogunmola, Olufemi Olajuyigbe, Olugbenga Olatunji, Olasunkanmi Olorunduyilemi, Segun Oluwaniyi, Rufus Oyebode, Taiwo Sulaiman, Zainab Ibrahim Woodson, and Paul Yarl (collectively, "Arbitration Plaintiffs") brought this action against Defendants Subcontracting Concepts, LLC ("SCI"); Priority Dispatch, Inc. ("Priority"); and Omnicare, LLC ("Omnicare") (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201, *et seq.*, and

1

Indiana law, including unpaid minimum wages and overtime compensation, unlawful deductions, and unjust enrichment.

Arbitration Plaintiffs are former delivery drivers who allege that Defendants, operating as their joint employer, misclassified them as independent contractors, in violation of federal and state law. At all times, Defendants have denied any liability or legal wrongdoing.

On June 21, 2023, we entered an order (1) compelling Arbitration Plaintiffs to submit to individual arbitrations and (2) staying the litigation. Dkt. 122. The parties subsequently engaged in arm's length negotiations and agreed to mediation with an experienced FLSA mediator. The mediation session occurred on March 18, 2024, and a settlement was reached several months later. Dkt. 157 (under seal) (hereinafter, "Original Settlement Agreement"). Following mediation, Arbitration Plaintiffs Adetunji Lawal, Abiola Kosile, and Taiwo Sulaiman decided not to participate in the settlement agreement, but still agreed to dismissal of their claims with prejudice.[1]

On August 7, 2024, the parties filed a motion for approval of their Original Settlement Agreement and dismissal of all claims. Dkt. 156. On November 3, 2024, we denied the parties' motion, noting that although the Original Settlement Agreement "appear[ed] to be a fair and reasonable compromise to a *bona fide* dispute," a series of discrepancies in the parties' filings posed significant potential manageability and

---

[1] Because these Arbitration Plaintiffs were not parties to the settlement agreement, those Arbitration Plaintiffs who did participate in the agreement will hereafter be collectively referred to as "Settlement Plaintiffs."

2

enforcement problems that precluded our final approval. Order Joint Mot. Settlement Approval and Dismiss 4, dkt. 161. Specifically, these discrepancies included the inclusion of an Arbitration Plaintiff in the Original Settlement Agreement whom the parties claimed in their motion had elected *not* to join the agreement; unexplained variations in the parties' references to the value of the settlement award; inconsistent spellings of the names of some Settlement Plaintiffs; the omission of a named Settlement Plaintiff from the Court's docket; and a lack of proof of the Settlement Plaintiffs' assent to have Tope Ogungbemi act as their agent in entering the agreement.

On December 6, 2024, pursuant to the concerns raised in that order, the parties submitted their Renewed Joint Motion for Settlement Approval and Dismissal, accompanied by a revised Settlement and Release Agreement, dkt. 164–65 (hereinafter, "Revised Settlement Agreement"), which addresses the inconsistencies we identified as precluding our final approval of the Original Settlement Agreement. The parties' motion is now ripe for ruling.

## DISCUSSION

In our order denying the parties' Original Settlement Agreement, we held that, barring the aforementioned inconsistencies, the Original Settlement Agreement met the FLSA's fairness standard for proposed settlement agreements, which may not be used to "establish sub-minimum wages," *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); rather, a proposed settlement must "reflect[ ] a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990,

3

994–95 (N.D. Ind. 2010). Courts will typically approve "a settlement where it is based on contentious arm's-length negotiations, which were undertaken in good faith by counsel and where serious questions of law and fact exist such as the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Farber v. Riestererblend, Inc.*, No. 1:22-cv-17-HAB, 2022 WL 17741830, at *1 (N.D. Ind. Dec. 5, 2022) (internal quotation and citations omitted).

We held in our prior order that the parties' Original Settlement Agreement met these standards: The agreement was reached after months of arm's-length negotiations guided by an experienced FLSA mediator, and it resolved a range of factual and legal issues, including Arbitration Plaintiffs' employment status, Defendants' status as joint employers, whether Defendants acted willfully, the applicable statute of limitations, and the existence of any good-faith defenses to claimed liquidated damages. Although the Original Settlement Agreement reflected a "fair and reasonable compromise," Order Joint Mot. Settlement Approval and Dismiss 4, dkt. 161, we denied the parties' motion on the grounds that four inconsistencies in the agreement warranted revision. Consequently, we held that "[b]ecause the Settlement Agreement otherwise satisfies all other legal prerequisites, the Court will approve the Settlement Agreement so long as the deficiencies described herein have been remedied." *Id.* at 5–6.

**First,** we noted that, despite the parties' representation that Arbitration Plaintiff Abiola Kosile did not intend to join the Original Settlement Agreement, Joint Mot. Settlement Approval & Dismissal 2, dkt. 156, he was twice named in the agreement itself. The parties explain in their renewed motion that Kosile elected not to join the Original

4

Settlement Agreement after the agreement had been signed, but prior to their filing the motion. The parties amended the settlement agreement accordingly, and Kosile is no longer mentioned therein. (The parties aver that despite Kosile not joining the Revised Settlement Agreement, he has agreed to dismiss his claims with prejudice. The same is true of Arbitration Plaintiffs Adetunji Lawal and Taiwo Sulaiman—both elected not to participate in the settlement but agreed to dismissal.)

**Second,** the Original Settlement Agreement referenced two different values as the sum total of the settlement award. This defect has been remedied in the Revised Settlement Agreement.

**Third,** we noted that several names—Omoro Ebisingham, Olufemi Olajuyigbe, and Segun Oluwaniyi—appeared differently on the docket and in the Original Settlement Agreement, and that one party named in the Original Settlement Agreement, Olasunkanmi Olorunduyilemi, did not appear on the docket at all. The parties have provided an Appendix to the Revised Settlement Agreement, which includes the Arbitration Plaintiffs' names as well as their various spellings that have appeared at various points throughout the course of this litigation (either due to typographical errors or surname reversals). Settlement & Release Agreement App. A, dkt. 165. The parties also submitted an exhibit with every settling Arbitration Plaintiff's signed authorization to Ogungbemi's acting as his agent in the agreement, which they aver represents the correct spellings of Ebisingham's, Olajuyigbe's, and Oluwaniyi's respective names as they appear on the docket. Dkt. 164, Ex. A. Furthermore, despite Olorunduyilemi's absence from the

5

docket, the parties correctly note that he is named in the Plaintiffs' complaints as a party and has not been dismissed from the action as of this point.[2]

**Fourth,** the parties did not provide evidence of each Settlement Plaintiff's individual assent to the Original Settlement Agreement, which prohibited us from determining that the "settlement reflects a 'reasonable compromise of disputed issues rather than a mere waiver of statutory rights.' " Order Joint Mot. Settlement Approval and Dismiss 5, dkt. 161 (quoting *Burkholder*, 750 F. Supp. 2d at 994–95). Specifically, the agreement itself stated without proof that Ogungbemi would serve as an agent for all Settlement Plaintiffs and that this arrangement had been authorized by all Settlement Plaintiffs. As noted above, the parties have submitted the authorizations in an exhibit attached to their Renewed Motion for Settlement Approval and Dismissal, dkt. 164 Ex. A, allowing us to confirm that all Settlement Plaintiffs have adequately assented to the terms of the Revised Settlement Agreement.

The above-described revisions to the parties' settlement agreement resolve the potential manageability and enforcement issues we identified in our order denying the Original Settlement Agreement. Because those deficiencies were the only issues preventing us from granting the Motion for Settlement and Dismissal, the parties' renewed motion shall be granted.

---

[2] In light of Olasunkanmi Olorunduyilemi's (presumably inadvertent) omission from our docket, his name shall be readded so as to accurately reflect the remaining participants in this litigation.

## CONCLUSION

For the reasons stated above, the Renewed Joint Motion for Settlement Approval and Dismissal is **GRANTED**, dkt. 164, and this action is **DISMISSED with prejudice**. The parties' Agreed Motions for Status Conference are **DENIED as moot**. Dkt. 160, 169.

As noted above, **the Clerk is DIRECTED to add the following Plaintiff to the Court's docket: OLASUNKANMI OLORUNDUYILEMI.**

Final judgment consistent with this order shall enter accordingly.

IT IS SO ORDERED.

Date:   6/12/2025

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Angela S. Cash
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
acash@scopelitis.com

Christopher J. DeGroff
SEYFARTH SHAW LLP
cdegroff@seyfarth.com

Andrew James Ireland
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
aireland@scopelitis.com

Andrew Michael McKinley
Seyfarth Shaw
amckinley@seyfarth.com

Neal Shah
Frost Brown Todd LLC
nshah@fbtlaw.com

James Joseph Swartz, Jr
Seyfarth Shaw LLP
jswartz@seyfarth.com

Russell Jay Taylor, Jr
Scopelitis Garvin Light Hanson & Feary, P.C.
jtaylor@scopelitis.com

Mark R. Waterfill
Mark Waterfill Attorney at Law P.C.
mark@waterfilllaw.com

Amy Suzanne Wilson
Frost Brown Todd LLC
awilson@fbtlaw.com